UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| REGINA HICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-294 |
| v. ) | |
| ) | Judge Mattice |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

The complaint in this case was filed on October 26, 2010 [Court Doc. 1] and thus Plaintiff was required to prove that she had served Defendant with a copy of the complaint and summons by no later than February 23, 2011 pursuant to Federal Rule of Civil Procedure 4(m). On March 2, 2011, as Plaintiff had still failed to file any proof of service, this Court reminded Plaintiff of her obligations pursuant to Rule 4(m) and ordered her "to file on or before March 31, 2011, a response showing good cause why her complaint should not be dismissed pursuant to Rule 4(m) for failure to serve Defendant with a copy of the complaint and summons in a timely fashion and pursuant to Rule 41(b) for failure to prosecute her claim." (Court Doc. 2, Show Cause Order.) The Court also put Plaintiff on notice that "if she does not timely file a response showing good cause, her complaint may be dismissed."

On the last day of the specified period, March 31, 2011, counsel for Plaintiff advised the Court that she had not served Defendant "due to error on the part of Senior Litigation Paralegal." (Court Doc. 3, Pl.'s Mot. for Continuance to Extend Time to Serve Def.) She also argued that she "must employ a process server to effectuate personal service of the

Summons and Complaint upon the Defendant" and requested an additional 60 days in which to effect service.

For a one-page motion, Plaintiff's Motion for Continuance was extremely sloppily drafted. For instance, although the transaction was entered into the Court's electronic case management system (CM/ECF) by Plaintiff on March 31, 2011, Plaintiff's certificate of service said it was electronically served using the "CM/EFC system" on March 23, 2011. These two dates both differ from the date the motion was supposedly signed (March 8, 2011), although Plaintiff's counsel actually failed to sign the Motion for Continuance at all.

This sloppiness was in character with the substance of the motion; counsel failed to show any good cause, save blaming her paralegal. Given the language in Rule 4(m), the Court granted Plaintiff an extension, but, mindful of Plaintiff's counsel's overall failure to prosecute and lack of care with the case to date – evidenced both by the failure to serve within the time specified in the Federal Rules of Civil Procedure and the conclusory, ill-drafted motion – and the burden on the Court and the Defendant caused by habitual delays, the Court allowed Plaintiff a thirty-day extension. The Court ordered Plaintiff to file "on or before May 20, 2011, either an affidavit proving service according to Fed. R. Civ. P. 4(l) or a copy of the completed waiver of service in accordance with Fed. R. Civ. P. 4(d)(4)." (Court Doc. 4, Apr. 4, 2011 Order.) The Court once again put Plaintiff on notice that "if she does not timely file either of the enumerated documents, her complaint may be dismissed pursuant Fed. R. Civ. P. 4(m) or Fed. R. Civ. P. 41(b) for failure to prosecute her claim." (*Id.*)

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to

prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Fed. R. Civ. P. 41(b) recognizes this authority and provides that where "the plaintiff fails to prosecute or to comply with these rules or a court order," a court may dismiss the action.

The United States Court of Appeals for the Sixth Circuit considers four factors when reviewing a district court's dismissal under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir.1999). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.*

Yet another prescribed period has passed without Plaintiff obeying either the orders of this Court or the Federal Rules of Civil Procedure, as Plaintiff has still not filed an affidavit or completed waiver of service. Further, Plaintiff did not file any explanation with the Court or contact the Court to apprise it of any emergency that had arisen in the interim that prevented her from completing service and filing proof thereof. This Court has repeatedly attempted to get Plaintiff to effect service and to comply with the Federal Rules of Civil Procedure and the orders of this Court and repeatedly warned her that if she failed to do so, her Complaint would be dismissed pursuant to Rule 4(m) for failure to timely serve Defendant with a copy of the complaint and summons and pursuant to Rule 41(b)

-3-

for failure to prosecute.

As the Court outlined in its Show Cause Order and April 4, 2011 Order, Plaintiff's behavior, by and through her counsel, not only evinces a total unwillingness to comply with the orders of the Court, the Federal Rules of Civil Procedure, and the Eastern District of Tennessee Local Rules, but also demonstrates a total lack of interest in prosecuting this action. Accordingly, and in accordance with Fed. R. Civ. P. 4(m) and 41(b), this action will be **DISMISSED WITH PREJUDICE** for failure to serve Defendant with a copy of the complaint and summons in a timely fashion and for failure to prosecute and to comply with the orders of the Court.

A separate judgment will enter. The Clerk is **DIRECTED** to close the file in this case.

**SO ORDERED** this 26th day of May, 2011.

                                                */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE